OPINION OF THE COURT
Frank E. Yannelli, J.
The defendants, Carol and Steven Halloran, were served with a series of 21 summonses alleging a violation of Zoning Code of the Incorporated Village of Rockville Centre § 134-4 (Village Zoning Code), conducting a business in a residential A district. The defendants appeared before the court and were most ably represented by William Cohen, Esq. After arraignment the defendants moved, pursuant to CPL 170.35, to dismiss the informations. Thereafter, pursuant to CPL 170.45 and 210.45, a hearing was held before the court on October 17, 1985, wherein all 21 summonses were consolidated for the purpose of the hearing and decision by the consent of the parties, for the purpose of making findings of fact essential to the determination of the motion. After receiving testimony and arguments of law from both the defendants and the People, decision was reserved.
*570 FINDINGS OF FACT
There appears to be no factual dispute in the matter pending before this court. Both the defendants and People agree as to the factual basis in that the defendants are operating a business, in their family home, of providing day care for children, no more than six in number, with a family day care permit from the Department of Social Services of the State of New York. The focus of the hearing and most able arguments of counsel regard questions of law entirely. The court will address these questions in relation to the findings of fact above conceded.
CONCLUSIONS OF LAW
The defendants, by both oral argument and extensive memoranda, address three main questions submitted to this court for decision, which the court will address as presented by the defendants.
The defendants’ motion and argument are three-fold as follows:
1. That the constraints of Village Zoning Code §134-4 are preempted by State law and are, therefore, void.
2. That the Village Zoning Code, insofar as it is inconsistent with State law, is void.
3. That insofar as the application of the Village Zoning Code differentiates between public and private schools, it is void.
In the desire for clarity of form and content, each of the defendants’ submissions will be considered in the order submitted by the defendants.
POINT i
THAT THE CONSTRAINTS OF VILLAGE ZONING CODE § 134-4 ARE PREEMPTED BY THE STATE LAW AND ARE, THEREFORE, VOID
There is no question as to the existence of the principle of the preemption of local law by State law and this court specifically recognizes and accepts that principle. As the defendants clearly stated and properly relied in Matter of Unitarian Universalist Church v Shorten (63 Misc 2d 978), and the cases cited therein, Mr. Justice Meyer, now of the Court of Appeals, held that a village zoning ordinance, insofar as it *571 conflicts with overriding State law, was void and stated (p 981): "In the face of the legislative policy thus clearly and strongly stated and restated, the village’s zoning policy cannot stand.”
Accepting this principle therein stated, this court looks to the statute in question, as directed by the defendants, Social Services Law § 410-d:
"This title shall be known, and may be cited and referred to, as the 'Youth Facilities Improvement Act’.
"There is a serious shortage throughout the state of facilities suitable for use for the care of children especially those of pre-school age and primary school age whose parents are unable to provide such care for all or a substantial part of the day or post-school day. A similar shortage of residential child care facilities also exists. Existing day care and residential child care facilities are overcrowded with long waiting lists. Many such facilities are so located that they are not accessible to families in need of such services. The absence of adequate day care and residential child care facilities is contrary to the interest of the people of the state, is detrimental to the health and welfare of the child and his parents and prevents the gainful employment of persons, who are otherwise qualified, because of the need to provide such care in their home.
"It is the purpose of this article to encourage the timely construction and equipment of such facilities with mortgage loan participation by the New York state housing finance agency. The provision of such facilities is hereby declared to be a public purpose which it is the policy of the state to encourage.”
The legislative policy of the State is crystal clear to this court by a clear reading of the statute wherein in the last paragraph it clearly and strongly states: "It is the purpose of this article to encourage the timely construction and equipment of such facilities with mortgage loan participation by the New York state housing finance agency. The provision of such facilities is hereby declared to be a public purpose which it is the policy of the state to encourage.” The purpose then is to encourage the timely construction of residential child care facilities and it is in that area that State law preempts local law. For State law preemption to become operative it is limited to the specific stated purpose to usurp local home rule. In the case at bar that purpose is the construction of residential child care facilities and, as a result that clear intention *572 and purpose of State law does not preempt the local law regarding the matter before the court, the business of the defendants, providing family day care. This falls well outside of that clearly stated State intention and, as a result, the court denies this count of the defendants’ motion to dismiss the informations.
POINT II
THE VILLAGE ZONING CODE INSOFAR AS IT RESTRICTS RESIDENTIAL DAY CARE IS INCONSISTANT WITH STATE LAW AND IS VOID
It is the contention of the defendants that insofar as the Village Zoning Code is inconsistent with State law, that the Code is rendered void as a result.
The case, which this court considers controlling authority and is in full agreement with, is Consolidated Edison Co. v Town of Red Hook (60 NY2d 99), and especially wherein the court stated (p 107): "Even if the Legislature had not preempted the field of regulations, defendants’ authority to enact local rules under the Constitution or the Municipal Home Rule Law is conditioned on the exercise of such authority not being inconsistent with any State enactment.”
The defendants rely on a conflict not with State law but rather the regulations of the Department of Social Services of the State of New York with the local Zoning Code. The conflict must be between State law and local law. For administrative regulations, while they may have the force of law they cannot create law, nor legislate, as that is the sole function of the Legislature. Administrative regulations are nothing more than the implementation of law declared by the legislative branch and can never usurp that power of the Legislature nor exceed it in the implementation of a statute. A legislative body cannot grant to any administrative body the power to make substantive rules unlimited and unrestricted by statutory qualification. In the case at bar the State statute speaks to the construction of residential care facilities, not home day care.
The authority validly vested in administrative agencies to *573 make rules and regulations is administrative in nature, it is not the power to make laws and it does not include the authority to legislate or to engraft by the statute under the guise of a policy which was neither expressed nor intended and cannot alter, add or extend the statute being administered. (See further in this regard the principles set forth at great length and depth in 2 NY Jur 2d, Administrative Law, §§ 35, 49, 102-103 [1979].) Since the statute herein does not speak to the issue at bar, administrative regulations cannot so extend it and as a result this court finds crystal clear no conflict exists between State law and local law. The Legislature only has the power to preempt, the Department of Social Services does not have the power to preempt local, home rule zoning law.
Parenthetically speaking to the family day care permit held by the defendants from the Department of Social Services, section 417.3 (d) of the Regulations of the Department of Social Services (18 NYCRR) provides:
"Documentation for family day care permit or certification
* * *
"(d) A statement from an appropriate official or authority that the dwelling meets standards for sanitation and safety where local fire, health and/or building code authorities require approval.”
To the knowledge of this court, upon the review of the record and inquiry made at the hearing, a question exists as to the validity of that permit as not fulfilling the above-cited regulation as to an inspection by an appropriate Village Fire, Health and/or Building Code authority as to sanitation and safety. It appears no evidence exists as to the fulfillment of that prerequisite for the permit, under which the defendants operate under a claim of right, and may itself be invalid in the absence of fulfilling section 417.3 (d) insofar as the required local inspection is mandated.
It is apparent, therefore, and is the finding of this court that no conflict exists between the legislatively enacted State law and the local law and as a result no inconsistency exists between those two laws which would render the local law void.
POINT III
INSOFAR AS THE APPLICATION OF THE VILLAGE ZONING CODE DIFFERENTIATES BETWEEN PUBLIC AND PRIVATE SCHOOLS, IT IS VOID
The defendants contend that the Village Zoning Code is void *574 as it differentiates between public and private schools in a residential A district and, since the Village Zoning Code restricts the use of a private nursery school in an area where public schools are permitted, this renders the statute invalid and that private schools cannot be prohibited where public schools are permitted.
In consideration of this point the court makes an additional finding of fact that the defendants, Carol and Steven Hallo-ran, are operating a business providing day care for children and are not operating a school. The evidence before the court, including the testimony at the hearing held herein and the answers given to the inquiries of the court clearly indicate that day care and supervision only are being provided. Further, this is the extent of the family day care permit issued to the defendants by the Social Services Department of the State of New York. It appears to this court that, as a matter of fact, a school is not being operated, nor do the defendants contend they are operating a school, nor are they licensed to operate a school.
That based upon the above finding of fact, that since the defendants are not operating a school or private nursery school, the Village Zoning Code may properly prohibit the existing day care use without failing the constitutional test for validity. Since the defendants’ present use of the premises is not that of a school, the threshold question is resolved so that, in fact and in law, no discrimination exists between a public and a private school in the residential A district and the statute is constitutionally valid and effective. The nonschool use of the premises in question has no bearing on the constitutional validity of the statute nor its application in the case at bar.
Wherefore, the motions of the defendants herein to dismiss the informations pursuant to CPL 170.35, after a hearing held and the submission of legal memoranda, and due deliberation having been had thereon, and based upon the findings of fact and conclusions of law stated herein, the said motions are in all respects denied.
The matters will be placed on the court calendar for the 18th day of December 1985.